# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 07-804V
Filed: January 13, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| JESSICA ENGELS and KAIN ENGELS, * | |
| as parents of B.E., * | |
| * | Dismissal; Measles, Mumps, Rubella; |
| Petitioners, * | MMR; Haemophilus Influenzae Type B; |
| v. * | Hib; Varicella; Influenza; Pervasive |
| * | Developmental Disorder-Not Otherwise |
| SECRETARY OF HEALTH * | Specified; PDD-NOS; Autism Spectrum |
| AND HUMAN SERVICES, * | Disorder; ASD. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Donald M. Gerstein, Esq., Richard Gage, P.C., Cheyenne, WY, for petitioners.
Lynn E. Ricciardella, Esq., U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION[1]

**Vowell**, Chief Special Master:

On November 15, 2007, Jessica Engels ["petitioner"],[2] filed a Short-Form Petition for Vaccine Compensation[3] under the National Vaccine Injury Compensation Program,

---

1 Because this decision contains a reasoned explanation for my action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public.

2 On July 3, 2013, I granted petitioner's motion to amend the caption to add B.E.'s father, Kain Engels, as a petitioner and to replace the vaccinee's name with his initials. Because Jessica Engels was the sole petitioner until several months after the February 5, 2013 fact hearing, I referred to a singular "petitioner" throughout my December 20, 2013 Order and Ruling on Facts. For consistency, I again will refer to a singular petitioner in this Decision.

3 By electing to file a Short-Form Autism Petition for Vaccine Compensation, petitioner alleges that:

> [a]s a direct result of one or more vaccinations covered under the National Vaccine Injury Compensation Program, the vaccinee in question has developed a neurodevelopmental disorder, consisting of an Autism Spectrum Disorder ["ASD"] or a similar disorder. This disorder was caused by a measles-mumps-rubella (MMR) vaccination; by the "thimerosal" ingredient in certain Diphtheria-Tetanus-Pertussis (DTP), Diphtheria-

2 U.S.C. §300aa-10, *et seq.*[4] [the "Vaccine Act" or "Program"], on behalf of her minor son, B.E. By filing a short-form petition, petitioner opted into the Omnibus Autism Proceeding ["OAP"].

On February 28, 2012, after the conclusion of the OAP test cases, petitioner filed an amended petition, alleging that the MMR, Hib, varicella, and influenza vaccinations B.E. received on November 23, 2004, caused him to suffer an adverse reaction, including "fever, seizure, vomiting, and altered mental status" six days later. Amended Petition at ¶¶ 1, 3. Petitioner further alleged that B.E. suffered from residual effects of his vaccine injury, including developmental delay, for more than six months. *Id.* at ¶ 5.

On June 25, 2012, I ordered petitioner to file an expert report. Before complying with my order to file an expert report, petitioner requested a fact hearing to resolve gaps in B.E.'s pediatric record due to his pediatrician's alleged failure to record petitioner's concerns about B.E.'s regression. Petitioner's Request for Fact Only Hearing, filed Sept. 24, 2012.

Because I determined that a factual dispute existed regarding what transpired between B.E.'s November 23, 2004 vaccinations and his diagnosis with Pervasive Developmental Disorder-Not Otherwise Specified ["PDD-NOS"],[5] I agreed with petitioner that a fact hearing was necessary. During the hearing, conducted in Tampa, Florida on February 5, 2013, Mrs. Engels testified in person.

On December 20, 2013, I issued a fact ruling in which I found B.E.'s contemporaneous medical records and the non-contemporaneous histories provided to multiple health care providers to be more reliable than petitioner's testimony. I ordered

---

Tetanus-acellular Pertussis (DTaP), Hepatitis B, and Haemophilus Influenza[e] Type B (HIB) vaccinations; or by some combination of the two.

Autism General Order #1, filed July 3, 2002, Exhibit A, Master Autism Petition for Vaccine Compensation at 2.

4 National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

5 Pervasive Developmental Disorder ["PDD"] was the umbrella term for ASDs used in the Diagnostic and Statistical Manual of Mental Disorders (American Psychiatric Association, 4th ed. text revision 2000) ["DSM-IV-TR"] at 69. The DSM-IV-TR has since been replaced by the Diagnostic and Statistical Manual of Mental Disorders (American Psychiatric Association, 5th ed. 2013) ["DSM-V"], which uses the term "autism spectrum disorder." Although Mrs. Engels testified that B.E. was diagnosed with PDD (Transcript at 53), his specific diagnosis is PDD-NOS (Petitioner's Exhibit 9, p. 4). PDD-NOS involves "'impairment in the development of reciprocal social interaction,' coupled with impairment in either communication skills or the presence of stereotyped behaviors or interests." *White v. Sec'y, HHS*, No. 04-337V, 2011 WL 6176064, at *6 (Fed. Cl. Spec. Mstr. Nov. 22, 2011) (citing DSM-IV-TR at 84).

petitioner to file an expert report by February 21, 2014, based on the facts I found or, if the expert disagreed with any factual finding, stating the basis for the disagreement.

On January 10, 2014, petitioner moved for a decision dismissing the petition. According to petitioner, her expert reviewed my factual findings and concluded that he could not opine in favor of causation on petitioner's behalf.  Accordingly, petitioner requests that this court issue a decision dismissing the petition.

To receive compensation under the Program, petitioner must prove either 1) that B.E. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of B.E.'s vaccinations, or 2) that B.E. suffered an injury that was actually caused by a vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover any evidence that B.E. suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that B.E.'s alleged injury was vaccine-caused.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Adopting my December 20, 2013 factual findings, and based on the record as a whole, it is clear that petitioner has failed to demonstrate either that B.E. suffered a "Table Injury" or that B.E.'s injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions about this order may be directed to my law clerk, Tucker McCarthy, at (202) 357-6392.

**IT IS SO ORDERED.**

<u>s/ Denise K. Vowell</u>
Denise K. Vowell
Chief Special Master