**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
No. 07-804V
Filed: May 2, 2014
**(FOR PUBLICATION)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| JESSICA ENGELS and KAIN ENGELS, * | |
| as parents of B.E.,                       * | |
|       Petitioners,        * | Attorney Fees and Costs; |
|                             * | Agreed Upon Hourly Rates. |
|   v.                                      * | |
|                             * | |
| SECRETARY OF HEALTH          * | |
| AND HUMAN SERVICES,          * | |
|       Respondent.          * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage, Esq.*, Richard Gage, PC, Cheyenne, WY for petitioners
*Lynn Ricciardella, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

      On January 10, 2014, petitioners moved for a decision dismissing their petition. I issued my dismissal decision on January 13, 2014. On January 29, 2014, petitioners filed a motion for award of final attorneys' fees and reimbursement of costs. Respondent filed her response on February 18, 2014. After being granted an extension of time, petitioners filed their reply brief on March 26, 2014.

      A status conference was held on April 23, 2014, to discuss the parties' disagreement over the hourly billing rates for petitioners' counsel. Following the status conference, the parties were able to reach an agreement as to petitioners' counsel's hourly billing rates.

      For the reasons outlined below, I find that an award of attorneys' fees and costs in the amount of $43,335.47 is appropriate in light of the work performed by Mr. Gage and his firm.

---

[1] Because I have designated this decision to be published, petitioners have 14 days to request redaction of any material "that includes medical files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be publicly available. 42 U.S.C. § 300aa12(d)(4)(B).

### I. Determining the Amount of Fees and Costs to be Awarded.

The Vaccine Act authorizes "reasonable attorneys' fees and other costs." § 15(e)(1). The Court of Federal Claims has recognized that it is within the discretion of the special master to determine the reasonableness of a request for attorneys' fees. *Rodriguez v. Sec'y, HHS*, 91 Fed. Cl. 453, 463 (2010). The special master may reduce a fee request *sua sponte*. *Sabella v. Sec'y, HHS*, 86 Fed. Cl. 201, 208-09, 221 (2009); *Carrington ex rel. Carrington v. Sec'y, HHS*, 85 Fed. Cl. 319, 322 (2008).

A. Attorney Fees.

To determine the reasonable amount of attorney fees to be awarded, I apply the lodestar method, in which a reasonable hourly rate is multiplied by the reasonable number of hours. *Avera v. Sec'y, HHS*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).

1. Hourly Rates.

A reasonable hourly rate is "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). When the majority of an attorney's work is completed outside the District of Columbia and there is a "very significant difference" favoring the forum hourly rate, the rate from the attorney's geographic location is used. *Avera*, 515 F.3d at 1349 (adopting the exception to the forum rule found in *Davis*[2]).

Following an ADR process, Mr. Gage and respondent's counsel have reached an agreement as to the hourly billing rates for his firm. These rates are to be applied globally to other attorney fee motions filed by his firm, and are not limited to the fee request filed in this case.[3] I have reviewed the agreed upon rates and find them reasonable. Therefore, I adopt the following proposed hourly rates:

|  | 2011 | 2012 | 2013 | 2014 |
|---|---|---|---|---|
| Richard Gage, Esq. and Donald Gerstein, Esq. | $260 | $265 | $270 | $274 |
| Paralegals | $108 | $108 | $110 | $112 |

2. Hours Billed.

To determine a reasonable number of hours, "[a] special master is permitted and even expected to examine a law firm's time sheets and root out 'hours that are excessive, redundant, or otherwise unnecessary.'" *Davis v. Sec'y, HHS*, 105 Fed. Cl.

---

[2] *Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755, 758 (D.C.Cir. 1999).

[3] Additionally, the agreement indicates that the 2015 hourly rates for Mr. Gage, Mr. Gerstein, and the firm's paralegals shall be determined by applying the U.S. Department of Labor, Bureau of Labor Statistics CPI Inflation Calculator to their 2014 hourly rates.

627, 638 (2012) (quoting *Hensley,* 461 U.S. at 434); *see also Carrington,* 83 Fed. Cl. at 323 (noting that excessive hours should be excluded from an award). However, special masters are not required to perform a line-by-line analysis of the billing records. *Broekelschen v. Sec'y, HHS,* 102 Fed. Cl. 719, 729 (2011).

Respondent has no objections to the number of hours billed by petitioners' counsel. Response, filed Feb. 18, 2014, at 5. I have reviewed petitioner's billing records and believe they represent a reasonable number of hours given the procedural history of this case. Petitioners will be compensated for the following number of hours:

|  | 2011 | 2012 | 2013 | 2014 |
|---|---|---|---|---|
| Richard Gage, Esq. | 0.3 | 22.6 | 8.6 | 9.4[4] |
| Donald Gerstein, Esq. | 0.0 | 27.7 | 66.6 | 0.7 |
| Paralegals | 5.1 | 24.8 | 9.2 | 1.1 |

B. Litigation Costs.

In addition to reasonable attorneys' fees, petitioners in the Vaccine Program may be awarded reasonable litigation costs. § 15(e)(1). Costs that are not adequately documented may be disallowed. *Sabella v. Sec'y, HHS,* 86 Fed. Cl. 201, 209 (2009); *Ceballos v. Sec'y, HHS,* No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004).

1. Costs Personally Incurred by Petitioners.

General Order #9[5] requires a statement be attached to petitioner's request for fees that delineates which litigation expenses were personally incurred by petitioner versus those sustained by petitioner's counsel. With their motion, petitioners included a sworn declaration, which indicates they personally incurred $406.00 in litigation costs. Respondent has no objection to the amount requested to cover petitioners' personal litigation costs. I will award petitioners the entire amount requested.

2. Costs Incurred by Petitioners' Counsel.

In their motion, petitioners indicated their counsel incurred $2086.17[6] for their litigation costs. A significant portion of this total ($1500) was the retainer fee paid to Dr. Kinsbourne to review this case. Motion at 25, 30. Respondent objected to the retainer fee in her response. Response at 7. In particular, she noted that petitioners did not

---

[4] This amount reflects the 3.4 hours incurred prior to the filing of Petitioners' Motion for Attorney Fees and Costs and the 6 hours subsequently requested for work on the reply brief and the ADR process.

[5] General Order #9 is available on the court's website, http://www.uscfc.uscourts.gov/sites/default/files/General%20Order%20No.%209.pdf.

[6] This total reflects the $1,798.90 in litigation expenses, $285.45 in copying costs, and $2.72 in postage costs. Motion at 4.

submit any billing records of Dr. Kinsbourne, and therefore it was impossible to determine the reasonableness of his hourly rate.  *Id.* at 8.

On February 25, 2014, petitioners were ordered to file an invoice or other evidence supporting the work Dr. Kinsbourne performed on their behalf.  The invoice, filed on March 26, 2014 as an attachment to petitioners' reply brief, indicates that he spent 4.25 hours reviewing medical records and discussing his opinions with petitioners' counsel.  Doctor Kinsbourne performed his work in September 2012, before petitioners requested a fact hearing, and in January 2014, after my factual findings were issued.  Applying his $500 hourly rate, Dr. Kinsbourne's total fee for this case is $2,125.00.

In her status report conveying the parties' agreement as to the hourly rates for petitioners' counsel, respondent objected to the $500.00 hourly rate sought by Dr. Kinsbourne as being unsupported.  She cites to several decisions that compensated Dr. Kinsbourne at lower hourly rates.  Respondent's Status Report, filed Apr. 29, 2014, at 2 (citing *Dingle v. Sec'y, HHS*, No. 08-579V, -- Fed. Cl. --, 2014 WL 630473, at *7 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) (awarding $400 per hour); *Hammitt v. Sec'y, HHS*, No. 07-170V 2011 WL 1827221, at *7 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (awarding $300 per hour); *Stone v. Sec'y, HHS*, No. 90-1041V, 2010 WL 3790297, at *6 (Fed. Cl. Spec. Mstr. Sept. 9, 2010) (awarding $300 per hour)).  I note that in these three cases, Dr. Kinsbourne wrote an expert report and testified as to a theory of vaccine causation.

Petitioners also addressed Dr. Kinsbourne's hourly rate in their status report concerning the parties' agreement as to their counsel's hourly rates.  Petitioners stress that in contrast to the cases cited by respondent, "Dr. Kinsbourne's bills have been paid, in stipulated fee awards, with no objection from respondent, at his $500 per hour rate." Petitioners' Status Report, filed Apr. 30, 2014, at 2. No citations to such cases were provided.

I will award $1,500.00 for the work performed by Dr. Kinsbourne in this case.  This amount is not based on a particular hourly rate and instead is a reflection of what I consider a reasonable amount to have paid an expert to review and discuss this case with petitioners' counsel.

## II. Conclusion.

I hold petitioners are entitled to reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1).  For the reasons contained herein, **I hereby award $43,335.47,[7] which shall be paid as follows:**

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

4

- **a lump sum of $42,929.47 in the form of a check payable jointly to petitioners and petitioners' counsel of record for petitioners' attorney fees and costs, and**

- **a lump sum of $406.00 in the form of a check payable to petitioners, Jessica and Kain Engels, for their personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).