# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 07-804V
Filed: July 22, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JESSICA ENGELS and KAIN ENGELS,  \*
as parents of B.E.,                                       \*
         Petitioners,      \*    Attorney Fees and Costs;
                                   \*    Agreed Upon Hourly Rates.
     v.                            \*
                                   \*
SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,      \*
         Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage, Esq.*, Richard Gage, PC, Cheyenne, WY for petitioners
*Lynn Ricciardella, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

      In a July 17, 2014, status conference, petitioners' counsel informed the court that the fees and costs decision, filed on May 2, 2014, failed to include an award of fees for work performed by Mr. Karz-Wagman. The May 2 decision had resolved the contested fees and costs, but inadvertently failed to award these uncontested fees. After examining the fees and costs application, respondent's counsel agreed that the fees claimed for Mr. Karz-Wagman were not contested and that she had no objection to petitioners request to correct this error.

      Based on my review of the petitioners' motion for final attorneys' fees and costs, a supplemental award of $5,814.00 is appropriate.

      I hold petitioners are entitled to reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1). For the reasons contained herein, **I hereby award a lump sum of $5,814.00 in the form of a check payable jointly to petitioners, Ms. Jessica Engels and Mr. Kain Engels, and petitioners' counsel of record, Mr. Richard Gage, for petitioners' attorney fees and costs.**

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, It will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

The clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).